F I L E D
United States Court of Appeals
Tenth Circuit

JUN 20 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUANITA CECILIA MCEWEN,

     Plaintiff-Appellant,

v.

UNIVERSITY OF OKLAHOMA
BOARD OF REGENTS, ex rel.,
State of Oklahoma, a constitutional
state agency,

     Defendant-Appellee.

No. 99-6214
(D.C. No. 98-CV-1424-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Juanita Cecilia McEwen appeals from the district court's grant of summary judgment to defendant on her age discrimination and breach of contract claims. We affirm.

Plaintiff was an employee in defendant's Athletic Department for twenty-two years. According to defendant, plaintiff declined a transfer to a job in the Physical Plant and so was terminated as part of a reduction in force in the Athletic Department. Plaintiff was fifty-three years old at the time, and alleged that the asserted reduction in force was a pretext for age discrimination. Defendant maintained that a budget crisis in the Athletic Department motivated its action. Plaintiff also alleged that defendant breached her employment contract by failing to follow prescribed policies and procedures for the termination.

Plaintiff argues on appeal that the district court erred: (1) by finding that she failed to submit sufficient evidence to create a genuine issue of material fact as to whether defendant's proffered legitimate, non-discriminatory reason for discharging her was a pretext for unlawful discrimination; and (2) by finding that her breach of contract claim based on defendant's policy and procedures handbook was without merit. We review a grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Willmar Elec. Serv., Inc. v. Cooke, No. 99-1221, 2000 WL 628191, at *2 (10th Cir. May 16, 2000). Summary judgment is appropriate if the record shows

that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendant is not entitled to summary judgment on plaintiff's age discrimination claim if she showed by a "preponderance of the evidence . . . that the employer's proffered explanation [for its adverse action] is unworthy of credence." Reeves v. Sanderson Plumbing Prods., Inc., No. 99-536, 2000 WL 743663, at *6 (U.S. June 12, 2000) (quotation omitted). The district court thoroughly reviewed the evidence plaintiff offered in support of her discrimination claim, holding that it was insufficient to create a triable issue of fact as to whether defendant's asserted financial difficulty was a pretext for unlawful discrimination. We are unpersuaded by plaintiff's argument on appeal that the district court erred in its analysis. We affirm on this issue.

In considering plaintiff's claim that defendant breached a contract with her by failing to follow its own policies and procedures for the termination, the district court correctly noted that the disclaimer language in defendant's policy handbook defeats plaintiff's contract claim. See Walker v. Elbert, 75 F.3d 592, 596 (10th Cir. 1996). We find no error.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge